IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LATRICIA ATAS | ) | |
|     Plaintiff | ) | CASE NO._____ |
| | ) | |
| v. | ) | |
| | ) | |
| WALMART STORES TEXAS, LLC | ) | |
| WAL-MART, INC. | ) | |
|     Defendant | ) | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended, (ADA) to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Latricia F. Atas who has adversely affected by such practices. Plaintiff alleges that Defendant, Walmart Stores of Texas, L.L.C. and Wal-Mart, Inc ("Defendant(s)") discriminated against Latricia Atas in violation of the ADA by failing or refusing to provide her with a reasonable accommodation.

## I. PARTIES

1.      Plaintiff Latricia Atas (hereinafter, Atas ) is a citizen of the State of Texas and currently resides at 2185 FM 982, Princeton, Texas 75407. At all times relevant herein, Atas was employed by Walmart. At all times relevant herein, Atas performed her duties in a lawful and satisfactory manner.

2.      **Defendant Walmart Stores Texas, LLC** (hereinafter, WAL-MART) is a limited partnership with a principal place of business at 701 W Princeton Dr, Princeton, Collin County, Texas 75407. At all times relevant herein, WAL-MART employed Atas at its store located in Princeton, Texas. WAL-MART is subject to the laws of the State of Texas and the United States

related to this employer/employee dispute and the laws, rules and regulations governing the persons with disabilities. **Defendant Walmart may be served with process by serving it registered agent:**

**CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.**

3**.**    **Defendant Walmart Inc**. is a Delaware corporation headquartered in Benton County, Arkansas. **Defendant Walmart may be served with process by serving it registered agent,**

**CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.**

## II.  JURISDICTION/VENUE

3.    This Court has jurisdiction pursuant to 28 U.S.C. §1331, as Plaintiff Latricia Atas brings claims arising under the constitution, laws or treaties of the United States, including the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, et seq. (hereinafter, ADAAA), and the amount in controversy exceeds $75,000, exclusive of interest and costs. Jurisdiction over these claims is specifically granted to the District of Texas pursuant to 42 U.S.C. §2000(e) – 5(f)(1) and §12117(a).

4.    All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5(f)(3), have occurred or been complied with.

(a) a charge of employment discrimination on the basis of age or disability was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein.

(b) A Notification of Right to Sue was received from the EEOC on May 16, 2016.

(c) This Complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

**PLAINTIFF'S ORIGINAL COMPLAINT**

5.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Texas, Sherman Division-specifically in Collin County, Texas.

### III.   FACTUAL BACKGROUND

6.      Plaintiff is deaf- a "disability" within the meaning of Section 3(2) of the Americans with Disabilities Act, 42 U.S.C. § 12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of her major life activities, has a record of such an impairment, and is regarded by Defendants Wal-Mart as having such an impairment.   Plaintiff is a "qualified individual with a disability" as that term is defined in § 101(8) of the ADA, 42 U.S.C. § 12111(8). More specifically, Plaintiff is an individual with a disability who, with reasonable accommodation, can perform the essential functions of her job.

7.      Plaintiff has been an employee of Walmart Store No.  71783 in Princeton, Texas. since  May 28, 2016.  For the duration of her employment, Ms. Atas has given her best efforts to the  company.   Until recently, Ms. Atas cannot recall any disciplinary history during her of employment. Indeed, Ms. Atas had anticipated being able to work for Walmart through the time of her retirement.

8.      During her employment Plaintiff, on several occasions, has been sent to employee meetings and to training classes without an American Sign Language (ASL) interpreters. In 2018, Plaintiff was transferred into a day-time associate for Wal-Mart. At one point, Plaintiff was sent to the Walmart Academy which is a dedicated location, in or near a Walmart Supercenter, where supervisors, department managers and assistant managers receive two to six weeks of training. However, no American Sign Language (ASL) interpreters  was provided and Plaintiff was left to

**PLAINTIFF'S ORIGINAL COMPLAINT**

attend such training without hearing anything at the training seminar.  More instances of meeting

with no interpreter, include but are not limited to the following dates and subjects:

**Instances with No Interpreter**
March 6, 2019 - meeting in personnel
April 18, 2019 - meeting in back room
April 28, 2019 - meeting in back room
May 31, 2019 - annual evaluation
June 29, 2019 - meeting in personnel
August 30, 2019 - Dept. Manager Meeting
February 6, 2020 - meeting in personnel
February 11, 2020 - meeting in back room
February 19, 2020 - meeting in ad office
March 19, 2020 - meeting to talk about store closing at 8:30 and discounts
April 9, 2020 - meeting about COVID-19


9.      Despite requests by Plaintiff, Defendant Wal-Mart  refused to make reasonable

accommodation to Plaintiff for her disability.  Instead, management has stated that it is a waste of

money to send her to the Wal-Mart Academy with an interpreter because she isn't even going to

be employed for long.  Concerted efforts have been made to dismiss Plaintiff or have her quit her

job with Defendant.

## IV. CAUSES OF ACTION

### COUNT I: Discrimination – Disability

10.     Plaintiff is a "qualified individual with a disability" as that term is defined in §

101(8) of the ADA, 42 U.S.C. § 12111(8). More specifically, Plaintiff is an individual with a

disability who, with reasonable accommodation, can perform the essential functions of her job.

11.     Despite requests, WAL-MART refused to make reasonable accommodation to

Plaintiff.

12.     WAL-MART's failure to make reasonable accommodation to Plaintiff's physical

disability constitutes discrimination against Plaintiff with respect to terms, conditions, or

privileges of employment. WAL-MART's actions constitute a violation of Section 102(b)(5)(A) of the ADA, 42 U.S.C. § 12112(b)(5)(A).

13.     WAL-MART failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make a reasonable accommodation with Plaintiff. Specifically, WAL-MART failed to participate in the 'interactive process' as required by 29 CFR Section 1630.9.

14.     In failing to make reasonable accommodation to Plaintiff's physical disability, WAL-MART acted with malice or with reckless indifference to the federally protected rights of Plaintiff.

## V. DAMAGES

15.     Plaintiff repeats and incorporates herein by reference each and every paragraph that appears above and below.

16.     Defendant's actions in discriminating against Ms. Latricia Atas were undertaken because of her disability.   Plaintiff alleges that as a direct, foreseeable and consequential result of Wal-Mart's actions, breaches, and failures to act, as detailed herein, he suffered the following permanent damages:

> A.     Lost wages, past, present and future, together with the value of any and all incidental benefits, including, but not limited to, life insurance, health insurance, seniority, stock options, and any additional benefits identified in discovery;
>
> B.     Lost earning capacity;
>
> C.     Emotional distress, humiliation, exacerbation of his serious medical condition, anxiety, fear, lost sleep, medical and pharmaceutical treatment, embarrassment, humiliation and loss of enjoyment of life generally;

D.    Double and treble damages, together with costs and lawful interest thereon, as Wal-Mart acted willfully and/or wantonly and/or recklessly in connection with the allegations detailed herein;

E.    Enhanced and/or punitive damages, as Wal-Mart's conduct as detailed herein demonstrates a reckless indifference and/or disregard of the consequences to Plaintiff Atas that ultimately caused his damages, together with costs and reasonable attorney fees and interest as allowed by law.

## VI. JURY DEMAND

18.    Plaintiff hereby makes a demand for a trial by jury on all issues, claims, and defenses in this action.

## VII. PRAYERS FOR RELIEF

19.    Plaintiff Atas prays that this Honorable Court award him the following relief:

A. A trial by jury on all issues;

B. Reasonable compensation for the damages he has suffered as alleged herein, including punitive damages where allowed by law;

C. Enhanced compensatory damages because the defendants acted willfully, wantonly, and/or with reckless indifference to the plaintiff's rights;

D. Reasonable attorney fees, costs, interest and expert witness fees; and

E. Such other and further relief as may be just and equitable.

The foregoing statements are true to the best of my knowledge, information and belief.

**PLAINTIFF'S ORIGINAL COMPLAINT**

Respectfully Submitted;

*/s/ Sergio E. Aleman*

**Sergio E. Aleman**
State Bar No. 24027275

**ALEMAN LAW FIRM, P.C.**
420 S. Cesar Chavez Blvd., Ste. 300
Dallas, Texas 75201
(214) 373-7774
(214) 764-4035 (Facsimile)
sergio@sergioealeman.com
**ATTORNEY FOR PLAINTIFF**

**PLAINTIFF'S ORIGINAL COMPLAINT**